# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMS, | Case: No. 1:09-cv-01850-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | (Doc. 1) |
| GEORGE J. GUIRBINO, | |
| Defendant. | |

## I. Factual and Procedural Background

Robert Sims ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 21, 2009, Plaintiff filed his original complaint. (Doc. 1). On the form complaint, Plaintiff concedes that he has not completed exhaustion of administrative remedies explaining that he had not received a response to a grievance that he filed on October 16, 2009. (Doc. 1 at 2, 5).

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*

1  *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without
2  prejudice even when there is exhaustion while the suit is pending.  *Lira v. Herrera*, 427 F.3d 1164,
3  1170 (9th Cir. 2005).

4        Exhaustion is required regardless of the relief sought by the prisoner.  *Booth v. Churner*, 532
5  U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner must "must use all steps the prison holds out,
6  enabling the prison to reach the merits of the issue."  *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.
7  2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to
8  non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42
9  U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

10        The Court takes judicial notice of the fact that the California Department of Corrections and
11  Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit.
12  15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  *Id.* at § 3084.2(a).
13  Four levels of appeal are involved, including the informal level, first formal level, second formal
14  level, and third formal level, also known as the "Director's Level."  *Id.* at § 3084.5.  Appeals must
15  be submitted within fifteen working days of the event being appealed, and the process is initiated by
16  submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.*
17  at §§ 3084.5, 3084.6(c).

18        In order to satisfy section 1997e(a), California state prisoners are required to use the available
19  process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,
20  2383 (2006); *McKinney*, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and
21  . . . unexhausted claims cannot be brought in court."  *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435
22  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet
23  federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524 (quoting
24  *Booth*, 532 U.S. at 739 n.5).  In this instance, Plaintiff conceded that he has not exhausted
25  administrative remedies and, as demonstrated from his attached grievance form, Plaintiff filed this
26  action in less than a week after filing his initial grievance.

27  ///

28  ///

### III. Conclusion and Order

Because it appears that Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies withing thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:     June 7, 2011

UNITED STATES MAGISTRATE JUDGE